UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| *NIALL GLEASON,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| *v.* ) | *No. 1:15-cv-12-NT* |
| ) | |
| *CAROLYN W. COLVIN, Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| *Defendant* ) | |

***REPORT AND RECOMMENDED DECISION***[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal presents the questions of whether the administrative law judge erred by failing to specify the weight given to the opinions of the plaintiff's treating medical professionals and by failing to include in her hypothetical question to the vocational expert the non-exertional limitations that she included in the residual functional capacity ("RFC") that she assigned to the plaintiff. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 1, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

requirements of the Social Security Act for purposes of SSD through September 30, 2011, Finding 1, Record at 17; that he suffered from anxiety and affective disorder, affected by a history of alcohol abuse, cervical spondylosis, and chronic pain, impairments that were severe but which, considered separately or in combination, did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3 & 4, *id*. at 17-18; that he retained the RFC to perform light work, except that he required a sit/stand option, could never climb ladders, ropes, or scaffolds, could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, crawl, reach overhead, could understand, remember, and carry out simple instructions, use judgment in making simple work-related decisions, respond appropriately to coworkers, supervisors, and usual work situations not involving the public, and adapt to changes in the ordinary work setting, Finding 5, *id*. at 19; that he was unable to perform any past relevant work, Finding 6, *id*. at 24; that, given his age (37 on the alleged date of onset of disability, January 1, 2008), high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 25; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act at any time from the amended alleged onset date of January 1, 2009, through the date of the decision, August 15, 2013, Finding 11, *id*. at 26. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary*

*of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### I.   Discussion

### A.  Weight Given to Treating Opinions

The plaintiff first contends that he is entitled to remand because the administrative law judge did not specify the weight she gave to the opinions of his treating sources,[2] Dr. Jonathan Gasper and Cathy Cumler-Dennis, LCSW. Itemized Statement of Specific Errors ("Itemized Statement") (ECF No. 13) at 6-7. This is not an entirely accurate characterization of the administrative law judge's decision.

The administrative law judge said the following about Dr. Gasper's opinions:

> In finding the claimant eligible for MaineCare benefits, the Maine Department of Human Services relied on a report from Jonathan Gasper, M.D., the claimant's treating physician at Winthrop Family Medicine. Dr. Gasper summarized his impairments in order of importance, stating that

---

[2] If the plaintiff means that an administrative law judge's opinion is fatally flawed if it does not state a specific weight given to a specific provider's report, in terms such as "great," "moderate," or "little," I am not aware of any authority supporting such a formulaic requirement. Existing authority is to the contrary. *See, e.g., Manley v. Barnhart*, 154 Fed.App'x 532, 536, 2005 WL 3076879, at **5 (7th Cir. Nov. 17, 2005); *Mayfield v. Commissioner of Soc. Sec.*, No. 1:12-CV-912, 2014 WL 1341923, at *2 (W.D. Mich. Mar. 31, 2014). In addition, adopting Dr. Chamberlin's assessment of Dr. Gasper's opinions necessarily means rejecting Dr. Gasper's opinions.

3

> the claimant has bipolar disorder, cervical spinal stenosis, disc herniation, chronic back/neck pain and fatty liver disease. Dr. Gasper opined that the claimant could not engage in even 20 hours of work per week and said that his condition would last over 12 months (Exhibit 3F/4, 5). However, the undersigned concurs with Dr. Chamberlin's assessment that this opinion contains inconsistencies and that it "relies heavily on the subjective report of symptoms and limitations provided by the individual, and the totality of the evidence does not support the opinion" (Exhibit 5A/11). The undersigned finds that the weight of the medical evidence supports Dr. Chamberlin's opinion.
>
> At his April 11, 2011 examination, Dr. Gasper endorsed fairly strict physical limitations (can occasionally stand, can sit and reach often, can never bend, can lift nothing greater than 15 pounds). Relative to Dr. Gasper's contention that the claimant cannot work even 20 hours per week, Dr. Chamberlin said that this opinion is based on a check-off-fill-in-the-blanks form that combines mental and physical impairments/abilities and "encroaches on some issues reserved to the commissioner" (Exhibit 5A). Conversely, as part of his RFC assessment, Dr. Chamberlin said that the evidence showed that, despite back, neck and joint problems, the claimant has the ability to move, bend, stand and walk. He further opined that, although the claimant has depression and also anxiety at times, he is able to think clearly and do his daily activities.

Record at 21. She then went on to summarize the plaintiff's subsequent examinations by Dr. Gasper and his counseling sessions with Ruth Cumler[3] and Cathy Cumler-Dennis. *Id*. at 22-24.

The administrative law judge noted that Cathy Cumler-Dennis was not an "acceptable medical source" under Social Security regulations, but that her opinion was nonetheless "entitled to careful consideration." *Id.* at 24. After reciting the factors to consider in evaluating Cumler-Dennis's opinions, the administrative law judge stated that those opinions were "not supported by the weight of the medical record." *Id*. The administrative law judge gave "great weight" to the opinions of Dr. Chamberlin, a state-agency reviewing physician, and Dr. Stahl, a state-agency reviewing psychologist. *Id*. She also "g[ave] weight" to the opinions of Alan Ross, M.D., another state-agency reviewing physician. *Id*.

---

[3] The administrative law judge refers to "Ruth Cumler-Dennis," Record at 22, but the records to which she refers are signed by "Ruth Cumler." *Id.* at 472.

4

The plaintiff characterizes Dr. Chamberlin's stated reasons for rejecting Dr. Gasper's limitations, which the administrative law judge adopted, as "brief and conclusory." Itemized Statement at 6. He asserts that these reasons "disregard the detailed descriptions of Plaintiff's abnormalities, laboratory findings, diagnoses, [] and contemporaneous testing and treatment records upon which Dr. Gasper's opinion was expressly based[,]" without citing the pages of the record upon which these descriptions and/or findings are recorded. *Id.*

The defendant responds that the statement that inconsistencies exist in Dr. Gasper's undated responses to the questionnaire, which provides the limitations upon which the plaintiff relies, is admittedly ambiguous, but that the other reasons given for rejecting those opinions are sufficiently substantial.[4] Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 7. The defendant provides an extensive review of Dr. Gasper's treatment notes highlighting inconsistencies between those notes and Dr. Gasper's opinions set out in his responses to the questionnaire. *Id*. at 4-6. Such inconsistencies might constitute good reason to reject Dr. Gasper's opinions, if they had been specified by the administrative law judge. *See, e.g., Allen v. Astrue,* No. 2:10-cv-35-DBH, 2010 WL 5452123, at *5 (D. Me. Dec. 28, 2010). These inconsistencies include treatment notes indicating that the plaintiff's back did "not seem to be that bad and his neck really ha[d] minimal disease," Record at 414; that his mental functioning was normal, *id*. at 409; that the plaintiff told him that a recent EMG study showed that "everything was fine," which was "very good news because he did not want to have surgery," *id*. at 407; that the plaintiff was managing his pain "relatively well," *id*. at 404; that his back pain was "well-

---

[4] One possible inconsistency is found in Dr. Gaspar's response "no" to the question "Could this person engage in at least 20 hours per week of employment?," Record at 353, compared with his response "yes" to the question "[D]o you believe [this person] should pursue retraining to another occupation?," *id*.at 354.

controlled" with medication and without any side effects, *id*. at 430; and that his depression was "much improved" by January 2012, *id*. at 437.

Dr. Chamberlin's opinion also differs from that of Dr. Gasper. He limited the plaintiff to occasional lifting of 20 pounds and never bending, and found him capable of standing for 6 hours in an eight-hour workday. *Id*. at 94-95. He did not find that the plaintiff could not work even part-time. The administrative law judge was entitled to choose Dr. Chamberlin's assessment over that of Dr. Gasper, so long as she gave good reasons for doing so. *See, e.g., Brown v. Astrue*, No. 2:10-cv-27-DBH, 2010 WL 5261004, at *3 (D. Me. Dec. 16, 2010).

That is the problem here. The defendant does not identify any instance in which Dr. Gasper was "rely[ing] heavily" on the plaintiff's subjective reports of symptoms and limitations.[5] That fact, along with her concession with respect to perceived inconsistencies within Dr. Gasper's answers to the questionnaire, lead me to conclude that the administrative law judge's rejection of Dr. Gasper's opinions is not supported by sufficient evidence. Her statement of the reasons for that rejection, which, unlike the analysis supplied by the defendant in her brief to this court, is the subject of this court's review, is not adequate.

Dr. Chamberlin's rejection of Dr. Gasper's opinions is, as the plaintiff contends, Itemized Statement at 6, brief and conclusory. He addresses only the form filled out by Dr. Gasper, without any reference to Dr. Gasper's treatment notes. Record at 94. The only other medical evidence cited in support of his rejection of Dr. Gasper's opinions is "[b]ack and neck pain with degenerative changes on imaging, but no neuro symptoms (except vague and fluctuating numbness of arms) or signs." *Id*. This analysis is not sufficient to support a decision by the administrative law judge

---

[5]This case is distinguishable from *Bailey v. Colvin*, No. 2:13-cv-57-GZS, 2014 WL 334480, at *3 (D. Me. Jan. 29, 2014), cited by the defendant, Opposition at 7, because in this case the fact that the opinions at issue are based primarily upon the plaintiff's subjective allegations is not "app[arent] on their face," as it was in *Bailey*.

6

that merely adopts Dr. Chamberlin's rejection of the treating physician's opinions, without any further explanation.

With respect to Cumler-Dennis, the analysis begins differently. Because she is not an acceptable medical source, the administrative law judge was not required to articulate "good reasons" for rejecting her opinions. *Saucier v. Astrue*, No. 2:10-cv-111-DBH, 2011 WL 1158256, at *5 (D. Me. Mar. 28, 2011). The administrative law judge addressed Cumler-Dennis's opinions as follows:

> On May 13, 2013, Cathy Cumler-Dennis, LCSW, completed a Mental RFC in which she opined that the claimant's mental impairments would cause marked limitation in interacting with the public and co-workers; and moderate limitation in dealing with supervisors and changes in work situations. In addition, she noted that, when the claimant had panic attacks, he was not able to leave his house (Exhibit 17F).
>
> Although LCSW Cumler-Dennis is not an "acceptable medical source," the Social Security Administration directs that her opinion as "an other treating source" is entitled to careful consideration. See[] SSR 06-03p. The factors to consider in determining the weight assigned to their opinion[s] include: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment, and any other factors that tend to support or refute the opinion. The undersigned finds that Ms. Cumler-Dennis's opinion is not supported by the weight of the medical record.

Record at 23-24.

This passage recites Cumler-Dennis's opinions and the standard that the administrative law judge should apply to those opinions, but it does not explain how any of those factors apply to the opinions at issue. The facts that the administrative law judge also stated that she gave "great weight" to the opposing statement of Dr. Stahl, Record at 91-93, a state-agency reviewing psychologist, and that a more lenient standard applies to an administrative law judge's

7

consideration of these opinions than to her consideration of the opinions of an acceptable medical source, may allow the treatment of Cumler-Dennis's opinions in this case to pass muster, but even if so at best just barely. If, as I recommend, this case is remanded on the basis of the opinion's treatment of Dr. Gasper's opinions, the administrative law judge would do well to revisit those of Cumler-Dennis as well.

### B. Hypothetical Question to Vocational Expert

Because the hypothetical question posed to the vocational expert by the administrative law judge did not include any of the nonexertional limitations included in the RFC assigned to the plaintiff, he asserts that he is entitled to remand. Itemized Statement at 7-8. He contends that those limitations would eliminate the jobs that the vocational expert testified would be available to him. *Id.*; Record at 56.

The defendant concedes that the administrative law judge's failure to include in her hypothetical question to the vocational expert the nonexertional limitations that she included in the plaintiff's RFC was error, but contends that it was harmless. Opposition at 11-14. She also concedes that the restriction to "usual work situations not involving the public" would eliminate two of the three jobs identified by the vocational expert, *id*. at 11-12, leaving only the linen grader job, Record at 25, for consideration. This court has repeatedly held that a single available job is sufficient to carry the commissioner's burden at Step 5, so long as the job exists in significant numbers in the national economy. *E.g., Dana v. Astrue*, Civil No. 09-514-B[-]W, 2010 WL 3397465, at *3 (D. Me. Aug. 24, 2010). The vocational expert testified that there are 75,000 linen grader jobs available nationally. Record at 56. That number is significant. *See Vining v. Astrue*, 720 F.Supp.2d 126, 137 (D. Me. 2010) (collecting cases).

The job of linen grader is described in the *Dictionary of Occupational Titles,* under the heading "People: 8-Taking Instructions-Helping" as "Not Significant." *Dictionary of Occupational Titles* § 361.687-022 (U.S. Dep't of Labor 4th Ed. 1991). The job description itself does not mention any public interaction. These factors make the error of omitting this limitation from the hypothetical question harmless. *See Connor v. Colvin*. No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *4 (D. Me. July 16, 2014); *Hewes v. Astrue*, No. 1:10-cv-513-JAW, 2011 WL 4501050, at *8 (D. Me. Sept. 27, 2011).

At oral argument, the plaintiff's attorney cited the unreported decision of the First Circuit in *Wiley v. Colvin*, No. 13-2473 (1st Cir. Feb. 11, 2015) (slip op.), as presenting a "remarkably similar scenario" to this case with respect to the vocational expert issue. He asserted that the First Circuit found in *Wiley* that the availability of a single job identified by a vocational expert that fits the residual functional capacity assigned to the claimant by an administrative law judge is insufficient to prevent remand. However, that is not the holding in *Wiley*. In that case, the First Circuit reversed a decision of this court affirming the commissioner's decision to deny benefits because the vocational expert testified that there was no way in which she could determine the number of the job at issue existing in the national economy, an essential element of a Step 5 decision. *Id*. at [2]. That is not the issue in the instant case.

The plaintiff's argument also suggests, almost in passing, that the RFC limitation to understanding, remembering, and carrying out simple instructions would also eliminate all three jobs. Itemized Statement at 8. The defendant responds that the ability to understand, carry out, and remember simple instructions "is subsumed in the definition for 'unskilled' work." Opposition at 11. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions[.]"

Social Security Ruling 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 347.  Here, the plaintiff agrees that the vocational expert testified in response to the administrative law judge's hypothetical question "that Plaintiff can perform other light, unskilled work as a . . . linen grader."  Itemized Statement at 7-8.  Social Security Ruling 82-41 defines "unskilled" work as that which requires more than 30 days to learn.  Social Security Ruling 82-41, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 848-49.  The linen grader job requires training "beyond short demonstration up to and including 1 month[,]" DOT § 361.687-022, making it "unskilled."

On this issue as well, therefore, the omission from the hypothetical question was harmless error.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 15th day of October, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge